IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

HEATHER L. PRETTY PLAINTIFF

v. CIVIL NO. 25-3087

FRANK BISIGNANO, Commissioner
Social Security Administration DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Heather L. Pretty, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on March 27, 2023, alleging an inability to work since June 26, 2022, due to bipolar disorder with psychosis, anxiety, depression and diabetes. (Tr. 94, 208). An administrative video hearing was held on October 22, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 46-92).

By written decision dated December 23, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: migraines, obesity, mood disorders characterized as schizoaffective disorder, major depressive disorder, and bipolar disorder, hypertension, diabetes, and cannabis and stimulant abuse. However, after reviewing all

of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except can occasionally stoop, crouch, crawl and kneel; cannot climb ladders, ropes or scaffolds; can occasionally climb stairs and ramps; cannot work in proximity to unprotected heights and dangerous moving machinery; can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; can adapt to few if any workplace changes, and can tolerate only occasional interaction with co-workers, supervisors and the general public.

(Tr. 19-20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a routing clerk, a garment packager, and a price marker. (Tr. 27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on October 7, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words,

if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ's decision denying benefits is not supported by substantial evidence; 2) The ALJ's erred in finding Plaintiff maintained the RFC to perform light work; and 3) The ALJ erred in the application of relevant Code of Federal Regulations requiring remand. (ECF No. 11). Defendant argues that the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants; Plaintiff's subjective complaints; witness statements; and her medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. The ALJ also took Plaintiff's obesity into account when determining her RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on

claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a routing clerk, a garment packager, and a price marker. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 3rd day of September 2026.

/s/ Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE